IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN C. SUTTON, *

    v. * CIVIL ACTION NO. CCB-10-1496

DET. HARRY EDWARDS *
RENE GREENE
DIVISION OF CORRECTION *

    ***

MEMORANDUM

Ryan Sutton ("Sutton") , a Maryland Division of Correction inmate confined at the Jessup Correctional Institution, filed this action on a 42 U.S.C. § 1983 civil rights form seeking court intervention to "make the state drop the charges." Paper No. 1 at 4. Sutton's brief statement of claim alleges that on November 26, 2009, defendant Greene perjured himself by reporting that he was given a cell phone by Sutton while in Sutton's cell. He further claims that on December 4, 2009, he was interviewed by Detective Edwards and gave him unspecified evidence that was never reviewed and has now been erased. *Id.*

Inasmuch as Sutton is attacking a pending criminal proceeding and is seeking to compel the state to drop the criminal charge, his action shall be treated as a hybrid 28 U.S.C. § 2241 habeas and 28 U.S.C. § 1361 mandamus petition. Because he appears indigent, Sutton's motion to proceed *in forma pauperis* shall be granted.

A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-610 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. *See Braden v. 30th*

*Judicial Circuit*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Moore v. Sims*, 442 U.S. 415, 424 (1979).

There is no showing that Sutton has exhausted his state court remedies.[1] Further, to the extent that he has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987). The merits of the habeas petition shall not be considered by this court.

Moreover, this Court does not have jurisdiction over state employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361.[2] A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). The mandamus relief sought in the instant case is not the only means by which Sutton may obtain disposition of his charge.

---

[1] The Maryland state judicial case search website indicates that criminal summons was issued by the Maryland State Police and recently served on Sutton on April 16, 2010 for possession of contraband in a place of confinement. *See* copy attached. The underlying criminal charge arose from an incident occurring on November 26, 2010. *See State v. Sutton*, Criminal No. 4A00218621 (District Court for Anne Arundel County). *See* attached docket.

[2] *See also AT & T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999).

Accordingly, a separate Order shall be entered dismissing this action without prejudice.


Date:   June 15, 2010                           /s/
                                        Catherine C. Blake
                                        United States District Judge